## TOWER HILL CONNELLSVILLE COKE CO. OF WEST VIRGINIA v. HEINER, Collector of Internal Revenue.

No. 6364.

District Court, W. D. Pennsylvania.

Dec. 8, 1938.

Reed, Smith, Shaw & McClay, William Wallace Booth, William A. Seifert, and Thomas Watson, all of Pittsburgh, Pa., for plaintiff.

James W. Morris, Asst. Atty. Gen., Andrew D. Sharpe and Lester L. Gibson, Sp. Assts. to Atty. Gen., and Charles F. Uhl, U. S. Atty., and Orris Bennett, Sp. Asst. to U. S. Atty., both of Pittsburgh, Pa., for defendant.

GIBSON, District Judge.

The plaintiff seeks to recover $141,957.-55, with interest from August 26, 1925, which it claims was collected from it after the statute of limitations had barred the Government's claim.

The only matter in material dispute is the effect of an agreement made between representatives of the Commissioner and the taxpayer prior to the expiration of the statutory period for collection. If that agreement served as a claim in abatement or as a waiver of the statute, as contended by the defendant, judgment must be for the defendant, and if it did not so serve, judgment must be for the plaintiff.

The controversy arises from the collection of income and excess profits taxes for the year 1918. The plaintiff filed its completed return for that year on June 13, 1919. On January 29, 1924, the taxpayer filed a waiver extending the limitation period of collection for a period of one year, that is, from June 13, 1924, to June 13, 1925.

On April 10, 1924, the taxpayer was informed that additional taxes, in amount of $320,120.73, would be assessed against it. Of this amount, $150,000 was paid pursuant to the agreement mentioned supra, and on August 26, 1925, the sum of $141,-957.55 was collected. The claim for the refund of this amount, based upon the expiration of the statutory period for collection, was made on August 23, 1929, and rejected October 17, 1930.

On April 22, 1924, the Commissioner of Internal Revenue extended the time for filing a protest to the proposed additional assessment to May 14, 1924. On May 13, 1924, the taxpayer filed its protest and appeal, and on June 4, 1924, filed a supplemental brief in connection therewith. The protest and appeal were inadvertently overlooked by the Commissioner, who, on May

27, 1924, assessed against the taxpayer the aforesaid tax of $320,120.73, without having given it a hearing on its protest, as required by section 250(d) of the Revenue Act of 1921.[1]

On June 16, 1924, representatives of the taxpayer and Commissioner met and agreed that the assessment had been inadvertently made and was premature. It was further agreed that $150,000 of the total amount proposed to be assessed against the taxpayer was not in dispute and would be paid at once, and that thereupon the Commissioner would withdraw the assessment of $320,120.73, and make a new assessment of $150,000,. and then the Commissioner would proceed as though the assessment of $320,120.73 had not been made. This agreement was confirmed by the taxpayer, which paid the $150,000 as additional taxes on June 19, 1924. It was part of the agreement last mentioned that no interest was to be paid by the taxpayer upon any tax found due in addition to the $150,000 paid.

The Commissioner failed to withdraw the assessment of $320,120.73, upon the payment of $150,000. He did, however, on July 2, 1924, direct the Collector, the defendant, to hold in abeyance the collection of the balance of the assessment, and informed him that a certificate of overassessment would be forwarded at an early date, and on April 30, 1925, informed the taxpayer of an overassessment of $28,163.18.

It is plain that no formal claim in abatement was filed by the taxpayer. The Regulations adopted by the Commissioner of Internal Revenue pursuant to authority from the Congress and having the force of law, required a claim in abatement to be made upon a prescribed form, filed with the Collector of Internal Revenue and supported. by affidavits giving full and explicit statements of all the material facts sustaining the claim. The regulations also provided that a claim in abatement could not be filed by a taxpayer who had received the benefit of Section 250(d), which excepts from the statutory period of five years for the collection of the tax the case wherein both the Commissioner and the taxpayer have consented in writing to a later determination, assessment and collection of the tax.

It is not claimed on behalf of the defendant that any formal claim for abatement was filed. The record herein discloses that the representative of the Commissioner who had charge of this tax claim in the Bureau of Internal Revenue had denied representatives of the taxpayer an extension of time within which to file a brief because, as he stated, no claim in abatement had been filed.

In view of the regulations of the Commissioner which had long been in effect before the Revenue Act of 1928, it is apparent, we think, that section 611 of that

[1] Revenue Act of 1921 (Act of November 23, 1921, c. 136, 42 Stat. 227, 264):

Section 250.

"(d) * . * * the amount of any such taxes [income, excess-profits, or war-profits taxes] due under any return made under this Act for prior taxable years or under prior income, excess-profits, or war-profits tax Acts, * * * shall be determined and assessed within five years after the return was filed, unless both the Commissioner and the taxpayer consent in writing to a later determination, assessment, and collection of the tax; and no suit or proceeding for the collection of any such taxes due under this Act or under prior income, excess-profits, or war-profits tax Acts, * * * shall be begun, after the expiration of five years after the date when such return was filed, but this shall not affect suits or proceedings begun at the time of the passage of this Act: * * *

"If upon examination of a return made under the Revenue Act of 1916, the Rev-

enue Act of 1917, the Revenue Act of 1918, or this Act, a tax or a deficiency in tax is discovered, the taxpayer shall be notified thereof and given a period of not less than thirty days after such notice is sent by registered mail in which to file an appeal and show cause or reason why the tax or deficiency should not be paid. Opportunity for hearing shall be granted and a final decision thereon shall be made as quickly as practicable. Any tax or deficiency in tax then determined to be due shall be assessed and paid, together with the penalty and interest, if any, applicable thereto, within ten days after notice and demand by the collector as hereinafter provided, and in such cases no claim in abatement of the amount so assessed shall be entertained: Provided, That in cases where the Commissioner believes that the collection of the amount due will be jeopardized by such delay he may make the assessment without giving such notice or awaiting the conclusion of such hearing."

Act (45 Stat. 875) was intended to authorize collection of tax beyond the statutory period only after the filing of the formal claim in abatement prescribed by the Regulations. The Act of 1924 (Section 279, 43 Stat. 300) provided, and the Commissioner prescribed under it by regulation, that claims in abatement could be filed only in case of jeopardy assessments. The assessment in the present case was not such. Whether or not this provision of the Act of 1924 was abrogated by Section 611 of the Act of 1928 is questionable.

The record discloses no agreement in writing, signed by the Commissioner and the taxpayer, for an extension of the statutory period for collection.

It is claimed on behalf of the defendant, however, that the plaintiff, by its statements and actions, waived the limitation period for collection, and is estopped from claiming it.

As to the waiver, no evidence was introduced which establishes it. A waiver, to be effective, must be a consent in writing signed by the Commissioner. Helvering v. United States Refractories Corporation, 290 U.S. 591, 54 S.Ct. 94, 78 L.Ed. 521, affirming, 3 Cir., 64 F.2d 69.

Nor does it appear that the claim of estoppel is established by the evidence. The plaintiff did, at various times, request delay for the purpose of presenting certain of its contentions to the Commissioner. Some of those requests were granted and others refused. All of them were made within the statutory period for collection, and none of them requested extension beyond that period. The agreement of June 16, 1924, is the main reliance of the plaintiff, but in it we find nothing to justify defendant's position. The promise of plaintiff was only to pay $150,000 immediately, leaving the balance claimed for further contest. The Commissioner, in turn, agreed that no interest would be collected upon any amount later found to be due, but the plaintiff asked no extension of the limitation period, nor did the Commissioner grant it. Long afterward, on May 25, 1925, he denied further extension of time to plaintiff for the purpose of filing a brief. The action of the plaintiff, in this agreement and pursuant to it, could not have deceived the Commissioner nor lulled him into any false security.

The defendant has offered in evidence a letter from plaintiff to the Commissioner dated May 12, 1925, over the objection that it was not pleaded. This letter protested the action of the Commissioner in demanding interest upon the balance of the original assessment, less the $28,163.18 overassessment finding of April 30, 1925. This letter is of no effect in the issue at bar. It might have some weight as an indirect admission if the present contention were in respect to the tax actually due at the date of the letter, but that is not the instant issue. If the equities in respect to the assessment of the tax be admitted to be with the defendant, they still cannot overcome a specific statute which confers a right upon plaintiff. A call upon the Commissioner to carry out the agreement of June 16, 1924, at a time prior to the end of the limitation period, certainly could not have been interpreted as a waiver of statutory rights, or as an act which deceived the Commissioner or gave him proper cause for failure to observe the statute.

The record contains no direct testimony whatsoever which tends to prove that the Commissioner was induced to ignore the statute of limitations by any act or representation of the plaintiff. His failure to act was doubtless occasioned, not by plaintiff, but by his own mistaken view of the scope of the statute.

Judgment must be entered for the plaintiff.